# Exhibit A

Hearing Date: 9/5/2024 10:30 AM
Location: Court Room 2102
Judge: Atkins, David B.

Case: 1:24-cv-05541 Document #: 1-1 Filed: 07/01/24 Page 2 of 9 PageID #:8

FILED
5/8/2024 9:34 AM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2024CH04259
Calendar, 16
27597239

FILED DATE: 5/8/2024 9:34 AM    2024CH04259

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CHANCERY DIVISION

KEVIN RAMEY, individually and on behalf of other persons similarly situated,

Plaintiff,

v.

NAVAJO EXPRESS, INC.,

Defendant.

Case No.: 2024CH04259

CLASS ACTION COMPLAINT

Plaintiff Kevin Ramey ("Plaintiff") files the following Class Action Complaint against Defendant Navajo Express, Inc. ("Defendant"):

## NATURE OF THE ACTION

1. This is an action by Plaintiff, individually and on behalf of other persons similarly situated ("class members") to obtain statutory damages and other equitable relief under the Illinois Biometric Information Privacy Act ("BIPA" or "the Act").

2. Plaintiff and class members are subject to the unlawful biometric scanning and storage practices of Defendant.

3. As past and present workers of Defendant, Plaintiff and class members were required to provide it with their personalized biometric identifiers and the biometric information derived therefrom ("biometric data").

4. Plaintiff and class members have not been notified where their biometrics are being stored, for how long Defendant will keep the biometrics, and what might happen to this valuable information.

5. The State of Illinois recognized the value and importance of preserving people's biometric data when it passed the Illinois Biometric Information Privacy Act.

1

6. Unlike other forms of personal identification, such as photo IDs or passwords, biometrics are immutable aspects of our bodies. This makes them a promising source of future identification-related technology, particularly in our increasingly insecure technological world.

7. If Defendant insists on collecting and storing their workers' biometrics, Defendant must comply with the BIPA. This includes (1) notifying workers the practice is taking place; (2) informing workers of how the practice is implemented; (3) obtaining written consent from the workers to collect and store their biometric data; (4) maintaining their workers' biometric data in a sufficiently secure manner; and (5) maintaining a publicly available disclosure of how the biometric data will be handled and destroyed.

8. Unfortunately for the Plaintiff and class members, none of these directives were followed. Accordingly, Plaintiff bring this action individually and on behalf of class members pursuant to obtain statutory damages and injunctive relief for violations of the Illinois Biometric Information Privacy Act, 740 ILCS § 14/1 *et seq*.

## JURISDICTION AND VENUE

9. This Court has jurisdiction over Defendant because Defendant does business extensively in Illinois. Furthermore, Defendant's unlawful conduct herein sued upon occurred in Illinois.

10. Venue is proper in this Court because Defendant does business in Cook County.

## PARTIES

11. Plaintiff is an individual subject to the same biometric-collection practices as other of Defendant's workers, outlined in further detail below.

12. Defendant is a for-profit corporation that is doing business in the state of Illinois.

**FACTUAL ALLEGATIONS**

13. Defendant uses biometric cameras to monitor the work of certain workers.

14. Defendant has a separate biometric camera for each of these workers. This allows Defendant to associate the information from each of its respective biometric cameras with a particular worker.

15. Upon information and belief, these cameras collect and store the biometric data of Defendant's workers by scanning their facial geometry.

16. Defendant did not inform in writing either Plaintiff or class members that their biometric data was being recorded, obtained, collected, and/or stored.

17. Defendant did not inform in writing either Plaintiff or class members the specific purpose and length of term for which their biometric data would be collected, stored, and/or used.

18. Defendant did not obtain Plaintiff's or class members' written consent to record, collect, obtain, and/or store Plaintiff's and class members' biometric data. Likewise, Defendant never provided Plaintiff with the requisite statutory disclosures nor an opportunity to prohibit or prevent the collection, storage or use of Plaintiff's unique biometric identifiers and/or biometric information.

19. Defendant did not obtain Plaintiff's or class members' written consent to capture and store Plaintiff's and class members' biometric data.

20. Defendant did not disclose to Plaintiff, class members, or the public its written retention schedule and guidelines for permanently destroying workers' biometric data.

21. Defendant did not disclose to Plaintiff or class members, in writing, of the specific purpose and length of term for which it was collecting, storing, and/or using class members' biometric data.

3

22. Defendant did not disclose to Plaintiff the identities of any third parties with whom Defendant was directly or indirectly sharing, disclosing, or otherwise disseminating class members' biometric data.

## CLASS ACTION ALLEGATIONS

23. Plaintiff seeks to certify a class action pursuant to 735 ILCS § 5/2-801 on behalf of the following class:

> ***"All individuals whose biometric data Defendant collected or stored in Illinois."***

24. Class treatment in this case is appropriate because:

(a) Pursuant to 735 ILCS 5/2-801 (1), the number of persons within the class is believed to amount to more than forty persons. It is, therefore, impractical to join each member of the class as a named Plaintiff. Further, the size and relatively modest value of the claims of the individual members of the class renders joinder impractical. Accordingly, utilization of the class action mechanism is the most economically feasible means of determining and adjudicating the merits of this litigation. Moreover, the class is ascertainable and identifiable from Defendant's records.

(b) There are questions of fact or law common to the class, which common questions predominate over any questions affecting only individual members; these common questions of law and fact include, without limitation:

   i. whether Defendant properly informed Plaintiff and the Class that it collected, used, and stored their biometric identifiers and/or biometric information;

    ii. whether Defendant obtained a written release (as defined in 740 ILCS 1410) to collect, use, and store Plaintiff's and the Class' biometric identifiers and/or biometric information;

    iii. whether Defendant developed a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of their last interaction, whichever occurs first;

    iv. whether Defendant used Plaintiff's and the Class' biometric identifiers and/or biometric information to identify them;

    v. whether Defendant destroyed Plaintiff's and the Class' biometric identifiers and/or biometric information once that information was no longer needed for the purpose for which it was originally collected; and

    vi. whether Defendant's violations of BIPA were committed intentionally, recklessly, or negligently.

(c) Given the fact that Defendant's workers will likely risk their jobs and/or livelihoods to enforce their rights under the BIPA, members of the class will be reluctant to bring forth claims for unpaid wages and notices violations for fear of retaliation;

(d) The class representative, class members and Defendant have a commonality of interest in the subject matter and remedies sought and the Plaintiff is able to fairly and adequately represent the interest of the class. If individual actions

5

were required to be brought by each member of the class injured or affected, the result would be a multiplicity of actions creating a hardship on the class members, the Defendant and the Court. Plaintiff has retained and is represented by qualified and competent counsel who are highly experienced in complex consumer class action litigation. Plaintiff and Plaintiff's counsel are committed to vigorously prosecuting this class action. Moreover, Plaintiff is able to fairly and adequately represent and protect the interests of such a Class. Neither Plaintiff nor Plaintiff's counsel has any interest adverse to, or in conflict with, the interests of the absent members of the Class.

(e) The class action provides a superior method for fairly and efficiently adjudicating this controversy because many class members cannot feasibly vindicate their rights by individual suit because the value of their recoveries are outweighed by the burden and expense of litigating against the corporate Defendant. Even if every member of the Class could afford to pursue individual litigation, the Court system could not. It would be unduly burdensome to the courts in which individual litigation of numerous cases would proceed. Individualized litigation would also present the potential for varying, inconsistent or contradictory judgments, and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same factual issues. By contrast, the maintenance of this action as a class action, with respect to some or all of the issues presented herein, presents few management difficulties, conserves the resources of the parties and of the court system and protects the rights of each member of the Class. Plaintiff anticipates

6

no difficulty in the management of this action as a class action. Class-wide relief is essential to compliance with BIPA.

25. Therefore, a class action is an appropriate method for the fair and efficient adjudication of this lawsuit.

## COUNT I
## VIOLATIONS OF ILLINOIS BIOMETRIC INFORMATION PRIVACY ACT

26. Plaintiff incorporates by reference each of the preceding allegations as though fully set forth herein.

27. Defendant recorded, collected, and stored Plaintiff's and class members' biometric identifiers and biometric information as defined by 740 ILCS § 14/10 of the Act. Every instance of Defendant collecting, capturing, storing, and/or sharing Plaintiff's and class members' biometrics identifiers and biometric information constitutes a violation of the Act.

28. Defendant violated Section 14/15(a) of the Act by failing to develop and/or make public its written retention schedule or guidelines for permanently destroying biometric identifiers and biometric information as specified by BIPA.

29. Defendant violated Section 14/15(b) of the Act by collecting, capturing, obtaining and storing Plaintiff's and class members' biometric identifiers and/or information without informing them in writing and obtaining a written release, that:

   (a) The biometric data was being recorded, obtained, collected, or stored; and

   (b) The specific purpose and length of term for which the biometric data was being collected, captured, obtained, and/or stored.

30. Defendant's conduct is at best negligent and at worst reckless.

31. Accordingly, Defendant is liable to Plaintiff and class members in the amount of liquidated damages or actual damages, whichever is greater. 740 ILCS § 14/20(1).

**PRAYER FOR RELIEF**

Plaintiff asks the court to enter judgment in Plaintiff's favor against Defendant and issue an order:

a. Certifying this case as a class action, naming Plaintiff as class representative and Plaintiff's counsel as class counsel;

b. Declaring that Defendant has violated the Illinois Biometric Information Privacy Act, and enter a judgment in favor of Plaintiff and the class;

c. Awarding statutory damages of $5,000 for each willful or reckless violation of the Act, $1,000 for each negligent violation of the Act;

d. Awarding injunctive and equitable relief as necessary to protect the interests of the Plaintiff and the class;

e. Awarding reasonable attorneys' fees and costs of this action;

f. Awarding pre-judgment and post-judgment interest on all monetary amounts awarded in this action; and

g. Awarding such other general and equitable relief as this Court deems equitable and just.

*Respectfully submitted,*

*/s/ William H. Beaumont*

William H. Beaumont (#6323256)
BEAUMONT LLC
107 W. Van Buren, Suite 209
Chicago, IL 60605
Telephone: (773) 832-8000
whb@beaumont-law.com
*Attorney for Plaintiff*

FILED DATE: 5/8/2024 9:34 AM 2024CH04259